1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

CHRISTOPHER L DANKERT,

Plaintiff,

10

v.

11

JEFFERSON COUNTY, et al.,

12

Defendants

CASE NO. C12-6043 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
AUGUST 2, 2013

13
14

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

15

Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. §

16

636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

17

Plaintiff has failed to show that defendants were deliberately indifferent to his safety.

18

Further, plaintiff has not supported his claim that Jefferson County failed to train adequately its

19

employees.  Finally, plaintiff has not pled a viable negligence claim that survives summary

20

judgment. Therefore, the Court recommends granting defendants' motion for summary

21

judgment.

22

PROCEDURAL HISTORY

23
24

Plaintiff seeks damages against Jefferson County for injuries he suffered when another

inmate attacked him in F-Unit of the county jail on December 12, 2009.  Plaintiff filed this action

REPORT AND RECOMMENDATION - 1

1   on December 10, 2012 -- two days before the running of the three-year statute of limitations on

2   the incident (ECF No., 10, p.1). Plaintiff is represented by counsel and is not appearing pro-se.

3   Plaintiff alleges that Jefferson County violated his right to due process pursuant to the Fifth and

4   Fourteenth Amendment by failing to protect him and by failing to train adequately jail

5   employees. Plaintiff also seeks damages for pendent state negligence claims, including claims for

6   denial of medical care, and for negligent infliction of emotional distress (ECF No. 1).

7       Plaintiff has stipulated to the dismissal of defendant Bill Wells (ECF No. 11). The Court

8   recommends dismissing this defendant with prejudice. The Court's dismissal of defendant Wells

9   leaves Jefferson County as the only defendant who has been served and is before the Court.

10  Plaintiff has failed to identify or serve John or Jane Doe defendants. Plaintiff also admitted that

11  his allegations regarding a delay in getting medical treatment on December 12, 2009 were untrue

12  (ECF No. 8, Exhibit 1, pp. 17-18 of 24).  Therefore, this claim should be dismissed, as well.

13                                  <u>FACTS</u>

14      Plaintiff was incarcerated at the Jefferson County Jail multiple times in 2009 (ECF No. 7,

15  p.2). Plaintiff was involved in a number of fights while at the jail (*id*). This action involves only

16  the fight that occurred on December 12, 2009. The other incidents are time barred.

17      The inmates had blocked the locking mechanism on each cell door in F-Unit so that the

18  lock did not fully engage (ECF No. 10, Exhibit F). The inmate who assaulted plaintiff on

19  December 12, 2009 -- Mr. Gartman -- was able to leave his cell in F-Unit after it was locked for

20  the night. Mr. Gartman was also able to enter plaintiff's cell and attack him. Plaintiff has no

21  evidence showing that jail officials knew that the inmates had tampered with the locks (ECF No.

22  8, Exhibit 1 pp. 14-16 of 24). In addition, plaintiff admits that he has no evidence that any person

23  working at the Jefferson County Jail had any information that plaintiff was in danger of being

24  attacked on December 12, 2009.

REPORT AND RECOMMENDATION - 2

1    In the response to the motion for summary judgment, plaintiff states that defendant

2  "should have been on notice that the doors could be rigged" and that plaintiff in his deposition

3  stated "that in 2008 he was able to leave his cell via a rigged door." (ECF No. 10, p.2, (*citing*

4  ECF No. 8, Exhibit 1, p. 15of 24)). The Court has reviewed that portion of the deposition

5  plaintiff cites and the deposition does not support the inference that any jail staff knew the locks

6  could be altered by the inmates. Defense counsel asked plaintiff if he had gotten out of cell F-6

7  using the "jerry-rigged" locks. Plaintiff answered "No, I had no idea. After I got caught that one

8  time in 2008 I never did it again." (ECF No. 8, Exhibit 1, p. 15 of 24). While the Court can draw

9  an inference that in 2008 plaintiff was caught outside of his cell, there is nothing before the Court

10  to indicate that jail staff were aware how plaintiff got outside his cell in 2008. The statement

11  does not support an inference that jail staff were aware that the locks could be rigged by the

12  inmates. (ECF No. 8, Exhibit 1, Page 32, 15 of 24).

13                                    STANDARD OF REVIEW

14    In federal court, summary judgment is required pursuant to Fed. R. Civ. P. 56(a) if the

15  evidence, viewed in the light most favorable to the nonmoving party, shows that there is no

16  genuine issue as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th

17  Cir.1997).  The moving party bears the initial burden of establishing the absence of a genuine

18  issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may

19  be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of

20  evidence to support the nonmoving party's case." *Id*. at 325.  Once the moving party has met its

21  initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify

22  facts that show a genuine issue for trial. *Id*. at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

23  242, 248 (1986).

24

1    Plaintiff admits in the complaint that Jefferson County is a municipal corporation (ECF

2    No. 1, page 1). In order to state a claim against a municipality under § 1983, a plaintiff must

3    show that defendant's employees or agents acted through an official custom, pattern or policy

4    that violates or permits deliberate indifference to plaintiff's civil rights; or that the entity ratified

5    the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91

6    (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

7    To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a

8    constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate

9    indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the

10   constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme

11   Court has emphasized that the unconstitutional acts of a government agent cannot, standing

12   alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell*

13   *v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality may only be

14   liable if its policies are the '"moving force [behind] the constitutional violation."' *City of  Canton*

15   *v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694). A municipality will not be liable

16   for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-

17   making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989).

18                                       DISCUSSION

19       1.  Plaintiff's 42 U.S.C. §1983 claim that Jefferson County failed to protect him.

20       The Due Process Clause protects pretrial detainees by prohibiting the state from punishing

21   them. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Courts employ Eighth Amendment

22   standards in determining if the conditions of confinement of pretrial detainees are unconstitutional.

23   *See Irby v. Skagit County Jail*, 344 Fed. Appx. 371, 372 (9th Cir. 2003) (applying an Eighth

24   Amendment analysis to pretrial detainee's claims). To establish a violation, plaintiff must show that

REPORT AND RECOMMENDATION - 4

the offending conduct, a policy or custom of Jefferson County, reflects deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A viable Eighth Amendment claim has an objective and subjective component. *Id.* The objective component requires that the pain be serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992), and the subjective component requires that defendant act with deliberate indifference to an inmate's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). A municipality will be liable only if policy making employees acted with deliberate indifference to plaintiff's health or safety. *See generally Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989). The policy making employee would have to know of, and disregard an excessive risk to inmate health and safety when that employee made or implemented the policy or custom of the county. The policy making employee would have to both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *Farmer v. Brennan*, 511 U.S. at 837.

Plaintiff admits that he has no evidence that any of the jail staff knew inmate Gartman was going to attack him on December 12, 2009 (ECF No. 8, Exhibit 1, p. 14 of 24). Thus, plaintiff cannot show that any policy making employee of defendant Jefferson County was aware of the facts needed to draw an inference that plaintiff was in danger of being attacked. Plaintiff also presents no evidence that any of the Jefferson County Jail staff were aware that other inmates had altered the locks so that inmates could open the cell doors in F-Unit. Thus, plaintiff fails to show that defendant Jefferson County was deliberately indifferent to his safety.

Further, plaintiff fails to show that any Jefferson County policy or custom is at issue. In fact, in the complaint, plaintiff admits that the custom of Jefferson County Jail is to maintain properly the jail, which sometime holds vicious criminals (ECF No. 1, p. 5 ¶ 7.3). A municipality will not be liable for acts of negligence by employees, or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Based on the above discussion, the Court recommends granting defendant Jefferson County's motion for

1    summary judgment regarding plaintiff's claim that defendant Jefferson County failed to protect

2    claim him.

3         2.        Equal protection of law.

4         Plaintiff's second federal cause of action is entitled "negligent detention and

5    confinement." (ECF No. 1, p. 4, section VI). In his factual summary, plaintiff alleges that he was

6    "put in solitary confinement for approximately two days until medical personnel checked on his

7    status" (ECF No. 1,  at page 3).Plaintiff claims that the result of this "detention without

8    necessary medical attention" was a denial of equal protection of law (ECF No. 1, p. 4 ¶ 6.3).

9    Plaintiff has now admitted that he was transported to the hospital within a few hours of the

10   incident (ECF No. 8, Exhibit 1, p. 18 of 24).

11        It should be noted that plaintiff does not assert or defend this claim in his response to the

12   summary judgment motion (*see* ECF No. 10).  Because plaintiff now admits that the underlying

13   factual basis of his claim is untrue, the Court recommends granting defendant's motion for

14   summary judgment on this claim.

15        3.        Failure to train.

16        Plaintiff alleges a cause of action based on the County's failure to train its employees.

17   Plaintiff alleges that the failure to train amounts to deliberate indifference which resulted in

18   plaintiff being housed in "defective facilities." (ECF No. 1, p.5 ¶ 7.6).

19        Defendants have brought the motion for summary judgment of all claims, alleging that

20   plaintiff has failed to identify a policy or custom that he contends caused this alleged deprivation

21   of rights (ECF No 7, page 13).  Defendant Jefferson County states, correctly, that to state a

22   constitutional claim, plaintiff must identify a policy or custom that caused the constitutional

23   violation (ECF No. 7, page 11, *quoting Board of County Commissioners of Bryan County v.*

24   *Brown,* 520 U.S. 397, 403 (1997)).

1    Plaintiff does not address the policies or customs related to training in the briefing that is

2    before the Court. (ECF No. 10). When responding to a motion for summary judgment, the

3    nonmoving party who has the burden of proof at trial cannot rest on mere allegations in his

4    pleadings but must set forth specific facts showing that there is a genuine issue for trial.

5    *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Plaintiff has failed to do so here.

6    Therefore, the Court recommends that plaintiff's claim regarding alleged improper training be

7    dismissed.

8         4.      State negligence claims.

9         The Court recommends exercising pendent jurisdiction over plaintiff's state law claims

10   because the action was filed only two days before the running of the statute of limitations (ECF

11   No. 10, p.1). Dismissal of these claims without prejudice would mean that they are now time

12   barred and that plaintiff could not bring them in state court.

13        Plaintiff's first negligence claim is based on an incident that occurred in June of 2009

14   (ECF NO. 1, p. 6 ¶ 8.2). This case was filed on December 10, 2012 (ECF No. 1). Claims relating

15   to the June 26, 2009 incident are time barred by Washington State's three-year statute of

16   limitations. *See Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981) (discussing the three year time

17   frame for personal injury claims in Washington); *See also* RCW 4.16.080(2).

18        Plaintiff also names defendant Wells and other unnamed persons as being negligent in his

19   first negligence claim (ECF No. 1, p. 6, ¶ 8.3). Plaintiff has stipulated to the dismissal of

20   defendants Bill Wells and Jane Doe Wells (ECF No. 11). Further, plaintiff has not named or

21   served any Does 1 - 25. To hold the Jefferson County liable under Washington law, plaintiff

22   would need to show that jail officials had knowledge that the assault was going to occur or that

23   they had good reason to anticipate that the assault would occur. *Winston v. Washington State*

24

1    *Department of Corrections*, 130 Wn. App. 61, 64, 121 P.3d 1201 1202-3 (2005) (*citing Riggs v.*

2    *German*, 81 Wn. 128, 131, 142 P. 479 (1914) (applying this standard in a county jail setting).

3           Plaintiff has admitted that he has no knowledge that any jail official knew that the locks

4    had been altered or that inmate Gartman would attack plaintiff on December 12, 2009 (ECF No.

5    8, Exhibit 1, pp. 14-15 of 24). Plaintiff has presented no other evidence to support this claim.

6           In his response to the motion for summary judgment, plaintiff argues that the doctrine of

7    *res ipsa loquitur* applies and that Jefferson County is *per se* negligent (ECF No. 10, pp. 4-7). In

8    Washington State there are three criteria that must be met in order to apply *res ipsa loquitur*.

9                  First, the incident producing the injury must be the kind that ordinarily
             does not occur in the absence of negligence. Second, the injury must be caused by
10            an agency or instrumentality within the exclusive control of the defendant. Third,
             the injury-causing incident must not be due to any contribution on the part of the
11            plaintiff.

12   *A.C. ex rel. Cooper v. Bellingham School District*, 124 Wn. App. 1033 2004 WL 2849996 at *2

13   (2004). In this case, the instrument that caused the injury was another person -- Mr. Gartman.

14   Mr. Gartman was not an agent of Jefferson County and the County is not liable for his actions.

15   Further, to the extent that plaintiff attempts impute negligence to the County because of the locks

16   being tampered with, the argument fails because, as previously discussed there is no evidence

17   that Jefferson County was aware of this problem or even if it was a problem, as opposed to an

18   isolated incident.  Therefore, there is no evidence that this incident ordinarily would not occur in

19   the absence of negligence.  For these reasons, the Court recommends granting the motion for

20   summary judgment on this issue.

21          Plaintiff also brings a claim for negligent infliction of emotional distress (ECF No. 1, p.

22   7-8). Defendants ask for summary judgment and state:

23                 In addition, to sustain a negligent infliction of emotional distress claim
             beyond summary judgment, the plaintiff must present evidence of "objective
24            symptomology . . . susceptible to medical diagnosis and proved through medical

REPORT AND RECOMMENDATION - 8

1     evidence." *Hunsley*, supra, 87 Wn.2d at 436; *Hegel v. McMahon*, 136 Wn.2d 122,
2     135, 960 P.2d 424 (1998).In the absence of "medical evidence" summary
   judgment on the negligent infliction of emotional distress claim is appropriate on
3     this separate basis.

4   (ECF No. 7, p. 14). The full cite for *Hunsley* is *Hunsley v. Giard*, 87 Wn.2d 424, 436, 553 P.2d

5   1096 (1976).

6        In *Hegel* the Washington State Supreme Court mandated medical evidence to support a

7   negligent infliction of emotional distress claim. *Hegel v. McMahon*, 136 Wn.2d 122, 135, 960

8   P.2d 424 (1998).  Defendant placed this issue squarely before the Court, but plaintiff has failed

9   to present any medical evidence of emotional distress in either the complaint or the response to

10  the motion for summary judgment (ECF No. 1 and ECF 10, attachments A through I).

11  Accordingly the Court recommends dismissal of this claim.

12       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

14  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

15  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

16  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

17  August 2, 2013, as noted in the caption.

18       Dated this 3rd day of July, 2013.

19  

20                  J. Richard Creatura
                United States Magistrate Judge

21  

22  

23  

24